<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOLISTIC AVE INC., <br><br> Plaintiff, <br><br> v. <br><br> HIP INNOVATIONS, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 25-16263 (MAS) (JTQ) <br><br> **MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendants HIP Innovations, LLC ("HIP") and Steve Heroux's ("Heroux," and collectively with HIP, "Defendants") Motion to Dismiss (ECF No. 6) Plaintiff Holistic Ave Inc.'s ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 8), and Defendants replied (ECF No. 9). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, Defendants' Motion to Dismiss is denied.

**I.    BACKGROUND**[1]

**A.    Factual Background**

Plaintiff is a corporation organized and existing under the laws of the State of New Jersey with a primary place of business in Lakewood, New Jersey. (Compl. ¶ 5, ECF No. 1.) Plaintiff "lawfully acquire[s] and re-sell[s] various consumer products for a profit." (*Id.* ¶18.) Plaintiff alleges that this is permissible under the "first sale doctrine," allowing it to resell products without

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

infringing on the intellectual property rights of the original seller. (*Id.* ¶ 40.) Plaintiff has maintained a contractual business relationship with Amazon.com ("Amazon") since 2015, allowing it to sell products using Amazon's e-commerce platform. (*Id.* ¶ 26.) A significant portion of Plaintiff's revenue is derived from the sale of products through its Amazon storefront. (*Id.* ¶ 28.) Since its inception, Plaintiff has placed extreme emphasis on "building a successful and reputable Amazon storefront[,]" gaining hundreds of positive reviews and earning an excellent customer rating. (*Id.* ¶¶ 31-33.) Any harm to Plaintiff's relationship with Amazon "creates [the] potential for serious and irreparable injury [to its business.]" (*Id.* ¶ 34.)

"Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not." (*Id.* ¶ 42.) To submit a complaint, an intellectual property owner must declare under penalty of perjury that the information provided was correct and accurate. (*Id.* ¶ 49.) It is "well-known" that Amazon does not conduct any "additional vetting or verification process[]." (*Id.* ¶¶ 42-43).

HIP is the owner of U.S. Trademark Registration No. 4719880 for EVELOTS (the "EVELOTS Registration"). (*Id.* ¶ 16.) On or around July 4, 2025, Plaintiff received a notice from Amazon suspending its ability to resell products from EVELOTS until Plaintiff could prove that the sales were permissible under trademark law. (*Id.* ¶¶ 51, 71-72.) Plaintiff, however, "sells only genuine products through its Amazon storefront[.]" (*Id.* ¶¶ 39, 67.) Plaintiff's suspension was the result of "Defendants fil[ing] complaints with Amazon that alleged that Plaintiff was selling . . . [p]roducts that infringed the EVELOTS Registration." (*Id.* ¶¶ 46, 68.) "Each complaint submitted to Amazon was signed under the penalty of perjury . . . at the direction of . . . Heroux." (*Id.* ¶ 48.) The products identified in the notice from Amazon were distributed by HIP. (*Id.* ¶ 54.) This

2

suspension resulted in an immediate loss of revenue and put its storefront in jeopardy of complete suspension from selling products through Amazon. (*Id.* ¶¶ 57-58.)

### B.    Procedural Background

Plaintiff filed its Complaint on October 3, 2025, asserting three causes of action against Defendants: (1) declaratory judgment that it has not violated Defendants' trademark rights ("Count One"); (2) defamation ("Count Two"); and (3) tortious interference with business relations ("Count Three"). (Compl. ¶¶ 65-107.) Defendants thereafter filed the instant Motion to Dismiss. (Defs.' Mot. to Dismiss, ECF No. 6.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 8), and Defendants replied (Defs.' Reply Br., ECF No. 9).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure[2] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   DISCUSSION

Defendants move to dismiss Plaintiff's Complaint in its entirety. (*See generally* Defs.' Moving Br., ECF No. 6-1.) As a preliminary matter, the brunt of Defendants' arguments in support of dismissal is that the complaint conflates HIP with "an Amazon seller storefront called 'EVELOTS.'" (*Id.* at 1, 5.) Taking the factual allegations in the Complaint as true, as the Court must at the motion to dismiss stage, the Court does not agree. While much of the Complaint refers to "EVELOTS," the Complaint explicitly defines HIP as EVELOTS in its opening paragraph and uses that term to refer to HIP throughout the Complaint. (Compl. 1 (naming as a defendant "HIP Innovations, LLC dba EVELOTS ('EVELOTS')"). Nowhere in the Complaint does Plaintiff describe HIP as an Amazon storefront. (*See generally id.*) The Complaint, moreover, specifically alleges that: (1) HIP holds the EVELOTS Registration; (2) HIP distributed EVELOTS Products; (3) Heroux personally directed the acts against Plaintiff; and (4) Heroux directed unknown

4

Defendants to submit each complaint to Amazon. (*Id.* ¶¶ 16-17, 48, 54.) The Court, accordingly, analyzes Plaintiff's claims in turn.[3]

### A.    Declaratory Judgment—Count One

"The Declaratory Judgment Act provides that a court 'may' declare the rights and other legal relations of any interested party seeking such declaration." *LY Berditchev, Corp. v. Truss Cosms. Corp.*, No. 22-4242, 2023 WL 334539, at *5 (D.N.J. Jan. 20, 2023) (quoting *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987)); *see* 28 U.S.C. § 2201. "To warrant issuance of a declaratory judgment, 'there must be a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality.'" *Id.* (citation modified) (quoting *Zimmerman*, 834 F.2d at 1170). "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." *Id.* (quoting *Zimmerman*, 834 F.2d at 1170).

Here, the Complaint demonstrates that Plaintiff does not simply seek advice about whether its activities constitute trademark infringement. (*See generally* Compl.) Plaintiff has specifically

---

[3] Defendants also argue that because Plaintiff's allegations are "premised on fraud, deception, [and] intentional misrepresentation[]" the Complaint must be dismissed for failure to plead fraud with particularity as required by Rule 9(b). (Defs.' Moving Br. 9-12; Defs.' Reply Br. 4-5.) While Plaintiff's Complaint does allege that Defendants have "engaged in a scheme to manipulate, fix, and control the pricing for consumer products on online marketplaces[,]" (Compl. ¶ 1), these allegations are background and context for Plaintiff's claims against Defendants. Plaintiff's tortious interference, defamation, and declaratory judgment claims, however, do not "sound[] in fraud" and are "outside the realm of Rule 9(b)['s]" heightened pleading standard. (*See id.* ¶¶ 65-107); *Suntuity Solar, LLC v. Roseburg*, No. 21-17801, 2022 WL 2373982, at *8 (D.N.J. June 30, 2022) (explaining that a complaint alleging tortious interference and defamation need only meet the "notice pleading standard" and not Rule 9(b)'s heightened pleading standard); *see, e.g., P&I Ins. Serv., LLC v. Risk Averse Ins., LLC*, No. 20-5910, 2022 WL 103135, at *12 (E.D. Pa. Jan. 11, 2022) (ruling that because "nothing" in tortious interference claim "sounds in fraud, Rule 9(b) does not require more particularized pleading[]"). The Court, accordingly, analyzes Plaintiff's claims under Rule 8's notice pleading standard.

been accused of infringement and seeks to clear its name of these accusations. (*See* Compl. ¶¶ 48, 51, 66-75.) The Complaint alleges that, as a result of the complaints submitted to Amazon by Defendants in July 2025, Plaintiff's listings for certain EVELOTS products have been suspended resulting in an immediate loss of revenue. (*Id.* ¶¶ 51, 57.) A declaration that Plaintiff has not infringed on Defendants' trademarks might prompt Amazon to permit Plaintiff to resume selling the suspended EVELOTS products.

The dispute is, accordingly, of "sufficient immediacy and reality" to warrant issuance of a declaratory judgment and Plaintiff has sufficiently alleged a claim for declaratory judgment. *LY Berditchev, Corp.*, 2023 WL 334539, at *5 (denying motion to dismiss declaratory judgment claim and noting that "a claim that a defendant sells counterfeit goods is serious and can affect the [seller's] business beyond the particular case" (citation omitted)). The Court therefore denies Defendants' Motion to Dismiss as to Count One.

### B.    Defamation—Count Two

To state a claim for defamation under New Jersey law, a plaintiff must adequately allege that the defendant: (1) "made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) fault." *Ponciano v. Sharp*, No. 15-2600, 2023 WL 2266378, at *3 (D.N.J. Feb. 27, 2023) (citing *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998)). While "a defamation pleading does not need to cite precise defamatory statements, it must [ ] provide sufficient notice to the other party of the allegations made against him." *Cristelli v. Filomena II, Inc.*, No. 99-2862, 1999 WL 1081290, at *3 (D.N.J. Dec. 1, 1999) (citation omitted). Defamatory statements are those that: (1) "injure[] another person's reputation; [(2)] subject[] the person to hatred, contempt or ridicule; or [(3)] cause[] others to lose good will or confidence in that [company]." *LY Berditchev, Corp.*,

6

2023 WL 334539, at *7 (quoting *Dendrite Int'l, Inc. v. Doe No. 3*, 775 A.2d 756, 771-72 (N.J. Super. Ct. App. Div. 2001)).

Although Plaintiff's defamation claim is brought under New Jersey law, the federal pleading standard governs the sufficiency of the claim. *See Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011). Under Rule 8, "pleadings are to be 'liberally construed,' and alerting the defendant of the allegations made against him is generally sufficient." *Id.* (citing *Palladino ex rel. U.S. v. VNA of S. N.J., Inc.*, 68 F. Supp. 2d. 455, 475 (D.N.J. 1999)). Thus, "[a]ccording to Rule 8, a defamation pleading does not need to cite precise defamatory statements, it must only provide sufficient notice to the other party of the allegations made against him." *Cristelli*, 1999 WL 1081290, at *3 (citations omitted).

Here, Plaintiff has sufficiently stated a defamation claim against Defendants. First, Plaintiff alleges that Defendants falsely filed complaints with Amazon alleging that Plaintiff was selling EVELOTS Products that infringed on the EVELOTS Registration. (Compl. ¶¶ 39, 46, 51, 53-54, 61-62, 77-78, 85.) These allegations satisfy the first, second, and third elements. Second, Plaintiff alleges that Defendants submitted these reports to a third party—Amazon—as demonstrated by Amazon's notification to Plaintiff concerning the reports, and Amazon's suspension of Plaintiff's privileges to sell EVELOTS products on Amazon's marketplace. (*Id.* ¶¶ 46, 48, 51, 57, 85.) These allegations satisfy the fourth element. Third, Plaintiff alleges that Defendants knew, or should have known that such allegations were false, but that the complaints were submitted to Amazon, under penalty of perjury, at the direction of Heroux. (*Id.* ¶¶ 47-48.) These allegations satisfy the fifth element. Such allegations are sufficient to put Defendants on notice of the claim against them and adequately allege a defamation claim. The Court therefore denies Defendants' Motion to Dismiss as to Count Two.

7

### C.    Tortious Interference with Business Relations—Count Three

To state a claim for tortious interference under New Jersey law, a plaintiff must allege:

[(1) an] existing or reasonable expectation of economic benefit or advantage; (2) the defendant's knowledge of that expectancy; (3) the defendant's wrongful, intentional interference with that expectancy; (4) the reasonable probability that the plaintiff would have received the anticipated economic benefit in the absence of interference; and (5) damages resulting from the defendant's interference.

*LY Berditchev, Corp.*, 2023 WL 334539, at *6 (quoting *Trans USA Prod., Inc. v. Howard Berger Co.*, No. 07-5924, 2008 WL 3154753, at *7-8 (D.N.J. Aug. 4, 2008)).

Here, Plaintiff has sufficiently stated an intentional interference with business relations claim against Defendants. First, Plaintiff alleges that it had, since 2015, "a contractual and business relationship with Amazon, such that [it] . . . is permitted to sell products on Amazon's e-commerce platform[,]" and that a "significant portion of [its] business is derived from the sale of products on Amazon[.]" (Compl. ¶¶ 26, 28, 93-94.) Second, Plaintiff alleges that "Defendants were aware of Plaintiff's business relationship with Amazon[]" (*id.* ¶ 95-96), and that "complaints to Amazon[] . . . alleging trademark infringement[] [often] result in selling suspensions[]" (*id.* ¶¶ 58-59). Third, Plaintiff alleges that Defendants "knowingly and deliberately submit[ted] false reports of intellectual property infringement to . . . [Amazon], in order to prevent third parties from reselling genuine products on the marketplace at competitive prices[,]" that resulted in Plaintiff being suspended from selling EVELOTS listings on Amazon's marketplace. (*Id.* ¶¶ 2, 58.) Fourth, Plaintiff plausibly alleges that such suspension would not have happened absent Defendants' complaints to Amazon. (*See generally id.*) Fifth, Plaintiff alleges that it lost revenue related to EVELOTS products as a result of the suspension. (*Id.* ¶ 105.)

Plaintiff has therefore sufficiently stated a claim of tortious interference with business relations against Defendants. *See Preferred Pharmacy Plus LLC v. Stable Step LLC*, No. 23-1565, 2024 WL 1907256, at *3 (D.N.J. Mar. 22, 2024) (holding that allegations of lost sales resulting

8

from Amazon complaints was sufficient to plead tortious interference with business relations). The Court, accordingly, denies Defendants' Motion to Dismiss as to Count Three of Plaintiff's Complaint.[4]

## IV.    CONCLUSION

For the reasons set forth herein, the Court denies Defendants' Motion to Dismiss. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**DATED:** JULY 20ᵗʰ, 2026

---

[4] Defendants also argue that Plaintiff has not sufficiently alleged the personal involvement of Heroux. (Defs.' Moving Br. 7-9; Defs.' Reply Br. 3-4.) The Complaint, however, explicitly alleges that Heroux "personally directed the . . . acts against Plaintiff" (Compl. ¶ 17), and that "[e]ach complaint submitted to Amazon" was submitted "at the direction of . . . Heroux." (*id.* ¶ 48). Taking these allegations as true, as the Court must at the Motion to Dismiss stage, the Court finds that Plaintiff has adequately alleged Heroux's involvement in the submissions of the complaints to Amazon. *See Fowler*, 578 F.3d at 210 (explaining that at the motion to dismiss stage, the court must accept plaintiff's allegations as true and "construe the complaint in the light most favorable to the plaintiff[]" (citation omitted)).